UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  25-cv-80817-LEIBOWITZ/REINHART

DONALD NEIMAN,

                Plaintiff,

vs.

ALLSTATE INSURANCE CO.,

                Defendant.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND [ECF No. 10]

This case arises from an automobile accident. On December 3, 2024, Plaintiff filed suit in the 15th Judicial Circuit in and for Palm Beach County, Florida. ECF No. 1-4 at 1.  The defendants named in the Complaint were the other driver (Rachel Smith) and Allstate. The Complaint says Mr. Neiman is "a resident of Palm Beach County, Florida." *Id*. ¶3. It says Ms. Smith "resided" in Delray Beach, Florida. ¶4. And, it says Allstate is a "Foreign Profit Corporation licensed to conduct business in Palm Beach County, Florida." *Id*. ¶4. The Complaint "demand[ed] judgment for damages against Defendant, ALLSTATE INSURANCE COMPANY, in an amount in excess of the jurisdictional limits of this Court together with his costs and for any and all further relief this Court deems just and proper." *Id*. at 5. I take judicial notice that

on December 3, 2024, the jurisdictional limit for the 15th Judicial Circuit was $50,000. *See* Fla. Stat. §§ 26.012(2)(a), 34.01(1)(c).

Allstate removed this case from the 15th Judicial Circuit to this Court on June 30, 2025. ECF No. 1. The Notice of Removal says, "Plaintiff is an individual located in Palm Beach County, Florida." *Id*. ¶8. It further says, "Defendant is a corporation incorporated out of Northfield Township, Illinois." *Id*. ¶9. And, it says the Plaintiff, Mr. Neiman made a proposal for settlement in excess of $75,000. *Id*. ¶4. The Notice of Removal makes no mention of Ms. Smith. The state court docket does not reflect that she was served with the Complaint before Allstate filed the Notice of Removal, nor does it reveal that she was dismissed as a defendant. ECF No. 1-2.

Mr. Neiman moves to remand the case to state court because that the amount-in-controversy requirement of 28 U.S.C. §1332 ($75,000) is not satisfied.

The Court has an independent obligation to ensure that subject matter jurisdiction exists. *See, e.g., Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). Jurisdiction under 28 U.S.C. §1332 depends on the parties' citizenship. It is not enough to plead where a party resides or is located. *Travaglio v. Am. Exp. Co.,* 735 F.3d 1266, 1269 (11th Cir. 2013). Domicile, for purpose of diversity jurisdiction, requires both residence in a state and an intention to remain there indefinitely. *Id. See also Smith v. Marcus & Millichap, Inc.,* 991 F.3d 1145 (11th Cir. 2021) (residency is necessary, but insufficient, to establish citizenship in a state, for diversity citizenship purposes). Similarly, a corporation is a citizen of the state(s) where it is incorporated and where it has its principal place of business. 28 U.S.C. §1332(c).

I issued an Order to Show Cause why the matter should not be remanded because Allstate's Notice of Removal fails to properly allege diversity of citizenship. ECF No. 19.  In the alternative, I granted leave to file an amended notice of removal. *Id.* at 3.  Allstate's response says it inadvertently omitted its principal place of business from the Notice of Removal. ECF No. 20. Allstate appended its Form S-8 with the United State Securities and Exchange Commission. ECF No. 20-1.

Allstate's Response, however, does not sufficiently cure the deficiencies in the Notice of Removal. First, Allstate has not cured nor addressed the deficiency in alleging Plaintiff's citizenship. "Citizenship" and "residence" are not synonymous allegations for purposes of diversity. *Parker v. Overman*, 59 U.S. (1 How.) 137, 141 (1855) (holding that "'Citizenship' and 'residence' are not synonymous terms" and that an averment of resident in a petition for removal will not support federal court jurisdiction). Second, Allstate has not alleged Ms. Smith's citizenship. Even though she has not been served, she remains a party to the case. Allstate bears the burden of showing that there is complete diversity among all the parties named in the complaint. *Univ. of S. Alabama v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).[1]

---

[1] If Ms. Smith is a citizen of Florida, the case cannot be removed even if the parties are diverse. "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007); *Henderson v.*

3

Allstate has been given an opportunity to cure the notice of removal deficiencies. It failed to do so. Likewise, the deadline to file an amended notice of removal expired on August 22, 2025.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court REMAND this matter pursuant to 28 U.S.C. §1447(c) ("If at any time it appears the district court lacks subject matter jurisdiction, the case shall be remanded.").

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable David S. Leibowitz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

---

*Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir.2006) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 (2005); 28 U.S.C. § 1441(b)).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 26th day of August 2025.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE