UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:25-cv-80817-LEIBOWITZ/REINHART

**DONALD NEIMAN,**
    *Plaintiff*,

v.

**ALLSTATE INSURANCE COMPANY,**
    *Defendant.*

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation on Plaintiff's Motion To Remand to State Court [ECF No. 27] (the "R&R"), filed on August 26, 2025, recommending that Plaintiff's Motion [ECF No. 10] (the "Motion") be GRANTED. The undersigned previously referred the Motion to United States Magistrate Judge Bruce E. Reinhart for a report and recommendation, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules. [ECF No. 17]. Defendant timely objected to the R&R. [ECF No. 28]. The Court has reviewed the Motion, the record, the R&R, Defendant's objection, and the governing law. For the reasons given below, the R&R is ADOPTED AND AFFIRMED. This Case is REMANDED to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

### I.    BACKGROUND

Plaintiff commenced this action in state court on December 3, 2024, asserting a negligence claim against Defendant Rachel Smith ("Smith"), the driver of a vehicle that collided with Plaintiff's car on January 20, 2024, as well as Smith's insurer, Allstate Insurance Company ("Allstate"), pursuant to Section 627.77, Florida Statutes. [ECF No. 1-4]. Allstate removed the case to this Court on June

30, 2025, [ECF No. 1], shortly after which Plaintiff moved the Court to remand the case back to state court [ECF No. 10].

After the undersigned referred Plaintiff's motion to Magistrate Judge Reinhart for a report and recommendation, Judge Reinhart issued an Order to Show Cause [ECF No. 19], directing AllState to explain why this case should not be remanded in light of the deficiencies in the Notice of Removal regarding the parties' citizenship, affording Allstate an opportunity to cure the defects. [*Id.* at 3]. Allstate responded to the Show Cause Order by providing its full business address, which had been omitted from the Notice of Removal, and by stating that Plaintiff is a Florida citizen. [ECF No. 20]. Allstate did not, however, amend its Notice of Removal to cure the pleading defects regarding the parties' citizenship. In the R&R, Judge Reinhart points out that the deficiencies in the Notice of Removal were not cured by Allstate's response to the Show Cause Order, and, although Allstate was afforded an opportunity to amend the Notice of Removal to cure its defects, it failed to do so. [ECF No. 27 at 3–4]. Accordingly, Judge Reinhart recommends remanding this case to state court. [*Id.* at 4]. Upon due consideration, the undersigned agrees with Judge Reinhart that Allstate failed to meet its burden to show that this Court has subject matter jurisdiction over the case. Accordingly, this action must be remanded to the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole

or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

### III.    DEFENDANT'S OBJECTIONS

Even though Allstate failed to cure the pleading defects in its Notice of Removal when given the opportunity, it still objects to Judge Reinhart's recommendation that the action be returned to the state court from whence it came. [ECF No. 28]. The Objection, however, fails to point to any error of fact or law in the R&R. Instead, Allstate restates that it removed the case on diversity grounds and states for the first time that "to the best of its knowledge" Defendant Smith is no longer in this case. [*Id.* at 2]. So, to the extent Allstate objects to Judge Reinhart's conclusion that Allstate failed to meet its burden to show that this Court has diversity jurisdiction, the objection is **OVERRULED**.

As Judge Reinhart correctly determined, the Notice of Removal does not satisfy 28 U.S.C. § 1332, because Allstate does not allege the citizenship of either party. The Notice of Removal alleges only that "Plaintiff is an individual located in Palm Beach County, Florida" and "Defendant is a corporation incorporated out of Northfield, Illinois." [ECF No. 1 ¶¶ 8, 9]. Where, as here, jurisdiction is predicated on diversity of citizenship under Section 1332, the removing party has the burden of establishing complete diversity of citizenship. *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). Allstate's Notice of Removal falls woefully short of meeting its burden.

Citizenship of a natural person such as Plaintiff involve two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. *Duff v. Beaty,* 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, may be insufficient to invoke diversity jurisdiction. *Delome v. Union Barge Line Co.,* 444 F.2d 225, 233 (5th Cir.1971); *e.g., Held v. Held,* 137 F.3d 998, 1000 (7th Cir.1998). That is because domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. *See Miss. Band*

3

*of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). In the case at bar, Allstate does not even allege Plaintiff resides in Florida. Rather, Allstate alleges Plaintiff is "located" there, whatever that means. As for its own citizenship, Allstate fails here, too. A corporation is a citizen of any State in which it was incorporated and of the State of its one principal place of business. *See* 28 U.S.C.A. 1332(c)(1); *Bel–Bel Intern. Corp. v. Cmty. Bank of Homestead,* 162 F.3d 1101, 1106 (11th Cir. 1998). The Notice of Removal satisfies only the first part of the citizenship test.

Allstate had the opportunity to amend the Notice of Removal to cure its pleading defects. It chose not to take it. As a result, the Court has only the defective Notice of Removal to consider. Upon due consideration, the Court finds no error in Judge Reinhart's recommendation that the case be remanded on the grounds that Allstate failed to meet its burden to show that this Court has subject matter jurisdiction. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Magistrate Judge's Report and Recommendation [ECF No. 27] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2. Plaintiff's Motion To Remand to State Court [ECF No. 10] is **GRANTED**.

3. This case is **REMANDED** to the 15th Judicial Circuit in and for Palm Beach County, Florida.

4. The Clerk is DIRECTED to CLOSE this case.

5. Any pending motions are DENIED AS MOOT.

**DONE AND ORDERED** in the Southern District of Florida on September 11, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record